Opinion by
Mr. Justice Pringle.
Plaintiffs in error, E. W. Anderson, and Linda Anderson, a minor, were plaintiffs in the trial court and the defendant in error, C. J. Lett, was the defendant. The parties will be referred to as they there appeared or by name.
The complaint was based upon a collision between a car driven by Linda Anderson and a truck driven by Lett. The accident occurred on the morning of January 9, 1960, at the intersection of Monaco Boulevard and East 8th Avenue in the City and County of Denver. In the trial court, plaintiffs alleged that Lett’s negligence was the proximate cause of the accident. Lett denied the negligence attributed to him and alleged that the accident was caused or contributed to by the negligence of Linda.
Trial was to a jury which rendered its verdict finding the issues joined for the defendant Lett. Plaintiffs seek reversal of that judgment by writ of error.
East 8 th Avenue at the scene of the accident is a two-way east-west street, carrying one lane of traffic in each direction. Monaco Boulevard runs north and south with the north-bound lane separated from the south-bound lane by an island 28 feet in width. At both the intersections of East 8th Avenue and the east side of Monaco, and of East 8th Avenue and the west side of Monaco, there are overhanging traffic lights which operate simultaneously to control the north-south and east-west traffic. As the signal light turns green for north-south traffic, the lights for east-west traffic turn red, remaining red for 15 seconds. The light controlling the north-south traffic are green for 12 seconds and amber for 3 seconds.
According to the testimony of Lett, he was traveling on the west side of Monaco Boulevard approaching its intersection with East 8th Avenue at a speed of 5 miles *480 per hour. When he was 15 feet from the intersection, the signal light which had been red for him turned green. He turned left onto East 8th Avenue and proceeded east at the same slow rate of speed because the signal light at the intersection of East 8th Avenue and North Monaco Boulevard was red for him. When he had traversed approximately one-half the distance of the island separating the Monaco traffic lanes, the signal lights controlling his movements turned green. He increased his speed at this point and proceeded to cross the intersection. The front of his truck had moved out of the intersection when the right rear of his vehicle was struck by the car driven by Linda. He estimated that Linda’s speed was 40 miles per hour when he saw her on Monaco Boulevard.
Linda testified that she was traveling on the east side of Monaco Boulevard at a speed of 25 to 30 miles per hour. As she approached the intersection with East 8th Avenue, the signal light which had been red for her turned green. She had not changed speed and when she was just about into the intersection she noticed Lett’s truck and, thinking that he was not going to stop, she immediately applied her brakes. She was, however, unable to avoid hitting his vehicle.
Prior to the collision, the car driven by Linda laid down 39 feet of skid marks. After the impact, the car driven by Linda skidded another 45 feet to a tree where it came to rest.
Plaintiffs contend that the verdict of the jury was contrary to the uncontrovertible physical facts established by the evidence; that these facts established the negligence of Lett as a matter of law and totally negated the possibility of Linda’s being contributorily negligent.
To sustain their position plaintiffs must demonstrate not only that it was physically impossible for Lett to have entered the intersection on a green light, but also that it was physically impossible for Linda to have been in any way contributorily negligent.
*481 Plaintiffs seek to apply the rule in Winterberg v. Thomas, 126 Colo. 60, 246 P. (2d) 1058, where it is stated that where undisputed physical facts, when subjected to the application of simple mathematics, demonstrate beyond reasonable controversy that the verdict of the jury is based upon assertions which cannot possibly be true, the verdict must be set aside as a matter of law.
The wisdom of the statement in Winterberg v. Thomas, supra, that individual cases are of but limited value as precedents in such cases, is emphasized by the distinction between the evidence in that case and the evidence presented here. In Winterberg the Court, in applying rules of mathematics to the undisputed testimony, demonstrated beyond reasonable controversy that the light on which the plaintiff was proceeding must of necessity have been red for 14 seconds; and this, coupled with the testimony of three disinterested witnesses that the light was red for the plaintiff, compelled the court to find that a verdict for the plaintiff was without support in the evidence.
In the instant case both parties have attempted to use mathematical formulae to demonstrate the correctness of their positions. They have applied these formulae to evidence of speed and distance given by the parties which were but approximations. The application of such formulae to these approximations demonstrates that but very small deviations in the estimate of speed or distance factors would necessarily affect the conclusions to be reached as to which of these parties entered the intersection against the red light. Under such circumstances, the question of whether the evidence given by one party or the other conflicted with scientific principles becomes one for the jury and not for the court. Conner v. Jones, 115 Ind. App. 660, 59 N.E. (2d) 577.
Courts cannot indulge in arbitrary deductions from scientific laws as applied to evidence except where the conclusions reached are so irrefutable that no room *482 is left for the entertainment by reasonable minds of any other conclusion. Garrison v. Ryno, (Mo.) 328 S.W. (2d) 557. Here it cannot be said that mathematical calculations demonstrate beyond controversy that Lett was negligent and Linda was not.
Moreover, the jury had before it competent evidence upon which it could reasonably determine that negligence on the part of Linda contributed to the happening of the accident. The skid marks laid down by Linda’s car before the collision, the distance it traveled after the impact, the fact that she struck the defendant’s truck in the rear, her speed estimated at 40 miles per hour by the defendant, her testimony that the light was red for her until shortly before she reached the intersection and that she did not see the defendant’s truck until it was too late to stop could all be properly considered by the jury and lead to the conclusion that Linda’s conduct was negligent and contributed to the accident, even though it may have believed that Lett was also negligent.
The judgment is affirmed.
Mr. Justice Moore, Mr. Justice McWilliams and Mr. Justice Frantz concur.